UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-112-CVE |
| ) | |
| EDWARD JOSEPH PARSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion in limine to exclude plaintiff's expert witness, Rachel Murdock (Dkt. # 87) and plaintiff's response (Dkt. # 91). On March 24, 2021, a grand jury returned a one-count indictment charging defendant with aggravated sexual abuse of a child who had not attained the age of 12 in Indian country. Dkt. # 4. On November 3, 2021, plaintiff sent defendant Fed. R. Crim. P. Rule 16 expert witness notice and the anticipated testimony of Federal Bureau of Investigation (FBI) Child/Adolescent Forensic Interviewer Rachel Murdock (Dkt. # 87-1). On November 9, 2021, defendant moved in limine to exclude Ms. Murdock's expert testimony. Dkt. # 87. Defendant argues that Ms. Murdock's testimony should be precluded because 1) plaintiff's notice does not establish that the proffered expert testimony would be admissible under Fed. R. Evid. 702; 2) "Ms. Murdock's testimony runs afoul of Rule 403"; and 3) "Ms. Murdock's testimony should be excluded as improper vouching." Dkt. # 87, at 2-8.

I.  **Adequacy of the Expert Witness Notice**

Defendant argues that plaintiff's Rule 16 expert witness notice did not "establish that the proffered evidence would be helpful to the jury, that it is based on sufficient facts and data, that it is the product of reliable principles and methods, or that Ms. Murdock applied those principles and

methods to this case." Dkt. # 87, at 3. Rule 16(a)(1)(G), which governs expert witness notice requirements for the United States, states: "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under [Rule 702] during its case-in-chief at trial . . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Further, unlike civil cases, "the written summary required by Rule 16 "falls far short of the 'complete statement' require[ment]. . . . Rule 16 does not require experts in criminal cases to provide written reports explaining their opinions or to make a written proffer containing the information required under the civil rules." United States v. Nacchio, 555 F.3d 1234, 1262 (10th Cir. 2009). Thus, defendant creates too high a burden for what is required of plaintiff's Rule 16 notice. Plaintiff is merely required to describe Ms. Murdock's opinions, bases and reasons for her opinions, and her qualifications. Plaintiff's Rule 16 notice (Dkt. # 87-1) details Ms. Murdock's anticipated testimony, notes that she has conducted more than 2,500 forensic interviews, and that her testimony as to her expertise working with child sexual abuse victims is based on her training and experience. Dkt. # 87-1, at 1. Further, Ms. Murdock's CV, which plaintiff included in its Rule 16 notice to defendant (Dkt. # 91-2, at 3-5), plainly establishes her qualifications as an expert in the field of child psychology, the disclosure process, and assessing child sexual abuse allegations. Ms. Murdock received a Bachelor of Science in psychology; a Master of Science in clinical psychology; her Master's thesis pertained to the forensic interviews of children; she has worked for the FBI as a Child/Adolescent Forensic Interviewer for nearly 10 years; and Ms. Murdock's publications include topics such as the disclosure process, forensic child psychology, and assessing alleged child sexual abuse allegations. Dkt. # 91-2, at 3-5. Therefore,

the Court finds that plaintiff has met the notice requirements of Rule 16(a)(1)(G), and denies defendant's motion in limine as to the adequacy of plaintiff's Rule 16 notice as to Ms. Murdock.

**II.     Admissibility of Ms. Murdock's Testimony under Rules 401 and 403**

Next, defendant argues that Ms. Murdock's testimony lacks relevance,[1] creates unfair prejudice, and is needlessly cumulative. Dkt. # 87, at 8-9. Plaintiff responds that the alleged child victim, S.S., "did not disclose the abuse for some number of months or years . . . . During her first forensic interview, S.S. recanted her prior disclosure. Once S.S. was removed from the home and no longer exposed to defendant or her mother, she disclosed again[.]" Dkt. # 91, at 9. Further, plaintiff notes that defendant wishes to call his own expert to testify that the forensic interview process made S.S.'s testimony unreliable. Dkt. # 91-3, at 1.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Defendant is attacking the forensic interview process, including the credibility of Tulsa County forensic interviewer Jessica Stombaugh, who interviewed S.S., and the alleged victim's credibility. Id. Thus, Ms. Murdock's testimony regarding the psychology of the disclosure process in child sexual abuse victims is plainly relevant as to Ms. Stombaugh and the alleged victim's credibility, "allow[ing] the jury to evaluate the delayed and partial disclosures at issue in this case." Dkt. # 91, at 9.

---

[1]     Although defendant does not argue with specificity that Ms. Murdock's testimony should be precluded under Fed. R. Evid. 401, defendant argues that her testimony should be precluded in part because it lacks relevance, Dkt. # 87, at 7; thus, the Court will address this as a Rule 401 argument in addition to defendant's Rule 403 argument.

Moreover, under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendant argues that Ms. Murdock's "general lecture to the jury" would create unfair prejudice and distract the jury. Dkt. # 87, at 7-8. The Court disagrees. Ms. Murdock's anticipated testimony would add context and specialized knowledge regarding S.S.'s disclosure process. The Court finds that whatever prejudice, if any, to defendant resulting from Ms. Murdock's more general discussion of the psychology of child sex abuse victims does not substantially outweigh the probative value of adding context and nuance to Ms. Stombaugh and S.S.'s testimony.

Finally, defendant argues that Ms. Murdock's testimony would be cumulative to Ms. Stombaugh's testimony. Id. at 8. Plaintiff responds that Ms. Murdock's testimony will be "distinct from Ms. Stombaugh's . . . . Ms. Stombaugh will testify to the forensic interview process employed by Tulsa County. She will discuss blocks to disclosure as they relate to her observations in interviewing S.S.. Ms. Stombaugh will not discuss the child psychology of disclosure or other topics" outlined in Ms. Murdock's Rule 16 notice. Dkt. # 91, at 11. "Cumulative evidence is defined as evidence which goes to prove what has already been established by other evidence." Smith v. Sec'y of N.M. Dep't of Corr., 50 F.3d 801, 829 (10th Cir. 1995) (internal quotations omitted). The Court finds that Ms. Murdock's testimony is distinct from Ms. Stombaugh's. Ms. Stombaugh is testifying as a fact and expert witness regarding her direct observations of S.S. and any "blocks" she observed during the interview, while Ms. Murdock is testifying as an expert on child psychology and the disclosure process of child sex abuse victims generally. The respective testimonies are not duplicative or probative of the same issues; thus, the Court finds that Ms.

Murdock and Ms. Stombaugh's testimonies are not cumulative. In sum, the Court finds that defendant's motion in limine as to precluding Ms. Murdock's testimony under Rules 401 and 403 should be denied.

### III.    Improper Vouching

Defendant argues that 1) plaintiff's Rule 16 notice "does not include any statement that Ms. Murdock will not vouch for or otherwise opine on any witness's credibility or whether their actions are consistent with child sexual abuse"; and 2) Ms. Murdock's testimony should be precluded "because her testimony seems to serve no purpose *other* than vouching." Dkt. # 87, at 9 (emphasis in original). With respect to defendant's second argument, plaintiff responds that Ms. Murdock "will not opine on whether S.S. has been truthful. She will provide the jury with context to judge S.S. for themselves." Dkt. # 91, at 8.

First, as the Court found in part I, supra, defendant places too high a burden on what is required of plaintiff under Rule 16. Plaintiff has no obligation to state in its Rule 16 notice that their proffered expert will not vouch for any other witness; rather, all that is required in plaintiff's Rule 16 notice is that they state the witness's opinions, the basis for their opinions, and their qualifications. Fed. R. Crim. P 16(a)(1)(G). Second, as to whether Ms. Murdock's anticipated testimony amounts to impermissible vouching, the Tenth Circuit has found that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony." United States v. Toledo, 985 F.2d 1462, 1470 (10th Cir. 1993). Accordingly, in United States v. Charley, 189 F.3d 1251, 1263-1267 (10th Cir. 1999), the Tenth Circuit held that admitting a pediatrician's testimony that sexual abuse could provide a unifying diagnosis for an alleged victim's physical and emotional problems was proper, but found that another expert's unconditional conclusion that the alleged victims were

sexually abused, based solely on the alleged victims' statements, amounted to "essentially vouching for their truthfulness." As the court found in Charley, an expert may "summarize the medical evidence and express an opinion that the evidence is consistent or inconsistent" with allegations of child sexual abuse. Id. at 1264 (internal quotations omitted). However, the expert may not unconditionally opine that an alleged victim was sexually abused based on nothing more than the alleged victim's statements. Therefore, Ms. Murdock's testimony, based on evidence and experience, about the disclosure process, the forensic interviewing process, the psychology of child sexual abuse victims, and so forth, does not amount to impermissible vouching for another witness' credibility. The Court finds that defendant's motion in limine to preclude Ms. Murdock's anticipated testimony because it is improper vouching should be denied.

**IT IS THEREFORE ORDERED THAT** defendant's motion in limine to exclude plaintiff's expert witness, Rachel Murdock (Dkt. # 87) is **denied**.

**DATED** this 19th day of November, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE